NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

WILLIAM WALLACE,
    *Plaintiff*,

v.

ANHEUSER BUSCH and CIGNA INSURANCE CO.,
    *Defendants*.

Civil Action No. 18-11184 (JMV) (JBC)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff William Wallace ("Plaintiff") seeks to bring this action *in forma pauperis* pursuant to 28 U.S.C. § 1915 against Anheuser Busch and Cigna Insurance Co. ("Defendants"). D.E. 1. For the reasons discussed below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED** but his Complaint (D.E. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a claim upon which relief can be granted. Specifically, Plaintiff fails to plausibly plead any claims. In addition, the Court cannot determine based on the allegations in the Complaint that the Court has subject matter jurisdiction over this matter.

    Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff sufficiently establishes his inability to pay, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

    However, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Here, the Court finds that Plaintiff's allegations are facially insufficient. It appears that Plaintiff claims that he is owed workers compensation benefits from his former employer (presumably Anheuser Busch). However, the Complaint provides no factual allegations. Plaintiff fails to include anything in the "Statement of Claim" section of the standard complaint form. D.E. 1 at 3. When stating the basis for federal question jurisdiction, Plaintiff states, in part, "fraud statutory termination of employment/failure to pay workers comp benefits [sic]." D.E. 1 at 2. On the form Civil Cover Sheet, in the space provided to cite the federal statute his claims are brought under, Plaintiff states "attempted murder/system discrimination [sic]." D.E. 1-4 at 1. Plaintiff

includes no other relevant information. In sum, the Court cannot ascertain Plaintiff's claims from his sparse pleadings. Therefore, because the Complaint fails to state any plausible claims, the Complaint is dismissed.

The Complaint also fails to sufficiently plead that this Court possesses subject matter jurisdiction over his claims. On the standard complaint form, Plaintiff checked a box indicating that he brings this suit against the United States Government. *See* D.E. 1 at 2. However, Plaintiff only lists "Anheuser Busch" and "CIGNA Insurance Co" as defendants. D.E. 1 at 2. The Court notes that federal jurisdiction is proper only if a claim is brought against the federal government pursuant to 28 U.S.C. § 1346.[1] Later, Plaintiff writes that the Court possesses federal question jurisdiction because his claims are based in fraud, termination of employment, and failure to pay workers compensation benefits. D.E. 1 at 2. For a court to possess federal question jurisdiction, a cause of action must arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S. Code § 1331. Plaintiff's allegations (to the extent that the Court can derive any allegations from the Complaint) do not provide this Court with jurisdiction based on a federal question.[2]

---

[1] The Federal Tort Claims Act, provides district courts with exclusive jurisdiction over civil actions

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, ... [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Jamison v. Hollingsworth*, No. 16-9137, 2018 WL 1293165, at *6 (D.N.J. Mar. 13, 2018) (citation omitted).

[2] The Court notes that if Plaintiff instead intends to claim that this Court possesses jurisdiction based on the diversity of the parties, he must show that Defendants are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Corporations are

Finally, the Court notes that on the form Civil Cover Sheet, Plaintiff requests compensation of "999 Zillion dollars." D.E. 1-4 at 1. This is not a plausible amount, and the Court cannot entertain a claim in which Plaintiff makes frivolous or clearly baseless demands.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). At this point, the Court cannot conclude that Plaintiff's claims are futile primarily because the Court cannot determine what claims Plaintiff intends to bring. Therefore, the Court shall provide Plaintiff thirty (30) days to file an amended complaint[3] that cures the deficiencies set forth herein, including a clear recitation of pertinent facts, setting forth a specific cause (or causes) of action, and indicating which alleged facts support the cause(s) of action, and indicating the basis for this Court's jurisdiction. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty days, the dismissal will then be with prejudice. A dismissal with prejudice means that Plaintiff will be precluded from filing any future

---

considered citizens of every state in which they are incorporated, or of the state where their principal place of business is located. *See* 28 U.S.C. § 1332(c)(1).

[3] If Plaintiff does file an amended complaint that the Court finds sufficient, Defendants are not precluded from filing a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6). The Court's role at this stage is to perform a screening function. The Court's ruling does not prejudice Defendants from litigating the matter as they see fit.

suit against Defendants concerning the allegations in the Complaint. An appropriate form of Order accompanies this Opinion.

Dated: July 11, 2018

_____
John Michael Vazquez, U.S.D.J.